ROSE B. CLARY *v.* EMPIRE MUTUAL INSURANCE
COMPANY

COURT OF COMMON PLEAS   NEW HAVEN COUNTY   FILE NO. 84688

Memorandum filed August 15, 1972

*Fischer & Fischer,* of West Haven, for the plaintiff.

*James A. Shanley, Jr.,* of New Haven, for the defendant.

TUNICK, J.   In this case the plaintiff seeks to recover from the defendant as her insurer the amount of a judgment rendered against her in an action arising out of an automobile accident.   The defendant insurer was notified of the accident but refused to defend and denied coverage.   The question involved in this case is whether the defendant had effectively canceled the policy prior to the date of the accident.

The defendant, on application of the plaintiff made to its local broker, the Croog Company, and submitted to its general agent, the William Gorbach Company, issued to the plaintiff an automobile

liability policy for the period July 8, 1967, to July 8, 1968. The plaintiff paid to Croog $92 which was the amount of the premium. On March 16, 1968, the plaintiff's vehicle was involved in an accident with a car owned by one Mazur, causing personal injuries to Helen and Edward Mazur and property damage to the Mazur vehicle. The plaintiff notified Croog of the accident and on March 17, 1968, filed an accident report and notice of claim with Croog addressed to the defendant. The report of the accident and the plaintiff's claim were made with the aid of the Croog office, which furnished the plaintiff with the necessary forms, helped her fill them out, and forwarded the necessary reports to the defendant insurer. As of this date Croog's files showed the plaintiff's policy to be in full force. Upon receipt of the plaintiff's claim, the defendant notified the plaintiff that it had canceled the plaintiff's policy by notice mailed to her on August 1, 1967, effective August 14, 1967. The plaintiff never received this notice although she continued to reside at the same address as stated in the policy. On May 3, 1968, Croog sent the plaintiff a check for $73, representing the amount of a refund for the unused portion of the premium as of August 14, 1967. Suit was started by the Mazurs against the plaintiff in the Court of Common Pleas at Bridgeport, and on May 29, 1968, a copy of the writ served on the plaintiff was sent to the defendant. The defendant refused to defend the plaintiff as requested by her, and on March 18, 1970, judgment was rendered against the plaintiff for $3500 representing an award for personal injuries, $372.26 for property damage, and taxable costs in an undisclosed amount.

In the present action the plaintiff seeks to recover of the defendant insurer the amount of the judgment rendered against her together with attorney's fees and other expenses, alleged to be $1000, incurred

in defending the Mazur lawsuit. The defendant has refused to pay the amount of the judgment and the additional expenses claimed to have been incurred by the plaintiff.

The defendant relies principally on its special defense that the policy was effectively canceled on August 14, 1967, by the mailing of the notice of cancelation on August 1, 1967, and that there was therefore no insurance coverage in effect on March 16, 1968, as claimed by the plaintiff. Although it was customary to send a notice of cancelation to Croog, who would then notify his insured, no copy of the notice of cancelation was received by Croog.

The return of the premium was not a condition precedent or subsequent of cancelation, and such actual refund to the plaintiff nine months after the claimed cancelation is not relevant to the issue whether there was a valid cancelation of the policy. *Westmoreland* v. *General Accident Fire & Life Assurance Corporation,* 144 Conn. 265.

The plaintiff's policy provided that the defendant may cancel the policy by the mailing of notice of cancelation to the insured at the address given in the policy. As in the *Westmoreland* case, supra, the policy contained a further valid contractual provision that the mailing of notice as aforesaid shall be sufficient proof of notice. The defendant bases its claim of the validity of the cancelation on the decision in the *Westmoreland* case. The facts may be distinguished in the present case. Notice by registered mail was returned to the insurer in the *Westmoreland* case with a notation that the insured had removed from the address given in the policy, with no known forwarding address. In the *Westmoreland* case, further effort was made to reach the insured at his place of employment to notify him of cancelation because of his failure to pay the premium

due. In the present case, notice of cancelation was due to the "insurer's judgment" after review of the insured's driving record. Implicit in the conclusion made in the *Westmoreland* case that a mere mailing of notice was sufficient notice to effect cancelation of the policy could have been a refusal of the court to impose further burdens of coverage on an insurer which had not been paid its premium. In the present case, a representative of the defendant testified that a copy of the notice of cancelation had been sent to Croog. Seven months later Croog did not know of the notice, and no such notice could be found in the Croog office. Neither Gorbach nor Croog had notified the insured of cancelation as requested by the defendant insurer. The plaintiff never received the notice allegedly sent directly to her on August 1, 1967. The letter enclosing the notice was not returned to the defendant, who claimed it mailed the letter to the plaintiff at the address appearing in the policy, where the plaintiff resided. The defendant's evidence relating to actual mailing was conflicting, uncertain and of questionable credibility. The first knowledge of the defendant's notice of cancelation by both the plaintiff and Croog was subsequent to the accident, when the defendant refused to defend and later refused to pay the judgment obtained against the plaintiff. The evidence offered by the defendant as to the mailing of the notice to the plaintiff on August 1, 1967, is not of such credible caliber as to meet the standards required to sustain the burden of proof as to a proper mailing of notice to the plaintiff as required under the terms of the policy.

The court finds that the policy was in force at the time of the accident. The defendant has failed to establish its special defense by adequate credible evidence and has defaulted in its obligations under the policy to defend and to pay any judgment re-

covered against the plaintiff. The plaintiff is entitled to recover. Although the plaintiff requested reimbursement for attorney's fees and expenses of $1000, no evidence was offered to support this part of the plaintiff's claim.

Judgment may accordingly enter in favor of the plaintiff to recover of the defendant the sum of $3872.26 plus the taxable costs in the Mazur judgment together with the taxable costs in this action.